| |
|---|
| **Matter of Ansbro v Nigro** |
| 2024 NY Slip Op 31924(U) |
| June 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150230/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ARLENE P. BLUTH                    PART                    14

_Justice_

-------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF

ANDREW ANSBRO, INDIVIDUALLY AND AS PRESIDENT
OF THE UNIFORMED FIREFIGHTERS ASSOCIATION,
DANIEL RICHTER, KEVIN MARTINEZ, JAMES MURPHY

                          Petitioners,

                            - v -

DANIEL NIGRO, DAVE A. CHOKSHI, ERIC ADAMS, THE
CITY OF NEW YORK,

                          Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150230/2022 |
| MOTION DATE | 05/15/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 79, 80, 81, 82, 83, 84, 85, 86

were read on this motion to/for                    REARGUMENT/RECONSIDERATION          .

Petitioners' motion to reargue and renew is granted, and upon rearguement and renewal[1],

the Court adheres to its original decision.

Unfortunately, once a case becomes a mess it usually stays a mess. An Article 78 is

commenced either by a notice of petition and petition or an order to show cause and a petition.

Here, petitioners started the case with an order to show cause and petition and respondents filed

their answer prior to the return date. A previous judge assigned to this proceeding issued a

decision in July 2022 in which he rejected petitioners' request for injunctive relief; that decision

---

[1] Although renewal is cited in the notice of motion, it is not explored in the moving papers contrary to CPLR 2221(f), which requires that a combined motion to reargue and renew shall "identify separately and support separately each item of relief sought." In any event, the Court will consider this motion on the merits.

**150230/2022   IN THE MATTER OF THE APPLICATION OF ANDREW ANSBRO, INDIVIDUALLY
AND AS PRESIDENT OF THE UNIFORMED FIREFIGHTERS ASSOCIATION ET AL vs. NIGRO,
DANIEL ET AL
Motion No.  003**

**Page 1 of 4**

1 of 4

lacked an "ordered" or "adjudged" section, nor was there a future date assigned, such as a return date for the petition.

Eventually, petitioner made a motion for summary judgment and thereafter the case was transferred to this part. This Court found that the July 2022 initial determination decided the petition and, to the extent that there was some confusion, petitioners should have moved to reargue that initial decision. Accordingly, the Court found that petitioners were not entitled to make a subsequent motion for summary judgment in an Article 78 proceeding where the merits had already been discussed. Accordingly, this Court denied petitioners' motion for partial summary judgment (NYSCEF Doc. No. 77). This motion to reargue and renew followed.

In this motion, petitioners recount that after the July 2022 decision denying petitioner's request for injunctive relief, they sent a letter to the judge (NYSCEF Doc. No. 56). Here, they attach an email they received from the judge in which he stated that the designation for this proceeding was changed from disposed to active and that "the case is on the active trial calendar" (NYSCEF Doc. No. 84).

Unfortunately, while this email from the prior judge is indeed new information, it does not change the Court's determination. Petitioners wrote a letter to the judge raising all sorts of issues and he wrote back removing the "disposed" marking. The fact is that the subject letter from petitioners, NYSCEF Doc. No. 56, raises issues that should have been made in a motion to reargue before the initial judge assigned. Petitioners tried to get something by writing a letter instead of making a motion to reargue. In response to this effort, all they got was the removal of the "disposed" marking; the judge assigned did not issue a new decision explaining what items were outstanding or that made additional findings nor did he set a new return date for the petition. Simply making a ministerial change from a disposed case to an active case via an email

**150230/2022 IN THE MATTER OF THE APPLICATION OF ANDREW ANSBRO, INDIVIDUALLY AND AS PRESIDENT OF THE UNIFORMED FIREFIGHTERS ASSOCIATION ET AL vs. NIGRO, DANIEL ET AL**
**Motion No. 003**

**Page 2 of 4**

2 of 4

rather than an order is not a basis to ignore the CPLR. And certainly, after their efforts via letter didn't work, it was incumbent on petitioners to make a motion to reargue.

This Court is confronted with many motions to reargue which are, as is relevant here, a chance for a party to point out issues that a Court may have overlooked or to request clarification about the scope of a decision. This Court views such motions as a chance to correct mistakes without forcing parties into the time and expense of an appeal. And this Court has no problem with modifying decisions when persuasive arguments are raised. But instead of doing that to the initially-assigned judge, petitioners sent a letter that reads much like a legal memorandum and the judge assigned then sent an email in response. A letter and an email are not formal actions upon which this Court can grant relief.

Petitioners do not cite a sufficient basis for why they never moved to reargue that July 2022 decision or pursued an appeal of that decision. They point to the fact that the case was put back on the "active trial calendar" but, as a special proceeding, no trial is held absent an order directing such a trial pursuant to CPLR 7804(h). Petitioners did not, for instance, file a note of issue nor would one be appropriate in a special proceeding. In other words, the initial decision did not cite a contested issue of fact to require a trial.

While the Court understands that there was some obvious confusion, that does not mean that petitioners are therefore entitled to bring a subsequent summary judgment motion that seeks, in part, the same relief sought in the petition.

Moreover, as respondents point out, this particular "summary judgment" motion included additional affidavits and documents that were not included with the petition. Of course, that is improper in an Article 78 proceeding as petitioners were required to include all of their supporting papers annexed to the petition or, if necessary, move to amend. And so, even if

**150230/2022   IN THE MATTER OF THE APPLICATION OF ANDREW ANSBRO, INDIVIDUALLY AND AS PRESIDENT OF THE UNIFORMED FIREFIGHTERS ASSOCIATION ET AL vs. NIGRO, DANIEL ET AL**
**Motion No.  003**

**Page 3 of 4**

3 of 4

[* 3]

something remained active in this proceeding, the Court is unable to consider new information raised in an improper summary judgment motion.

In summary, the initial July 2022 decision was confusing; it was supposed to resolve the entire proceeding but lacked an "ordered" or "adjudged" section. Judges aren't perfect, and that is why there are motions to reargue and appeals. Petitioners did neither; they filed a notice of appeal (which they seemingly never perfected) and wrote a letter to the judge. In response to the letter, the judge arranged for the removal of the "disposed" designation but did not expand upon the next steps in this proceeding. Petitioners then failed to make a motion to reargue to get those valid questions addressed and failed to perfect their appeal. Instead, they added plenty of new information – not contained in the petition – and improperly made a motion for summary judgment in this Article 78 proceeding.

Accordingly, it is hereby

ORDERED that petitioners' motion to reargue and renew is granted and, upon rearguement and renewal, the Court adheres to its initial determination.

| 6/4/2024 | | | | |
|----------|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**150230/2022  IN THE MATTER OF THE APPLICATION OF ANDREW ANSBRO, INDIVIDUALLY AND AS PRESIDENT OF THE UNIFORMED FIREFIGHTERS ASSOCIATION ET AL vs. NIGRO, DANIEL ET AL**
**Motion No.  003**

**Page 4 of 4**

4 of 4

[* 4]